IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 04-36 ERIE |
| | ) |
| MAURICE FRANCIS FOLEY | ) |

## OBJECTIONS TO PRESENTENCE INVESTIGATIVE REPORT

NOW COMES the defendant Maurice Foley by and through his attorney, David A. Schroeder, Esquire and for his objections to the presentence investigative report sets for the following objections:

OBJECTION #1

The Probation report in paragraph 41 includes a two point upward adjustment for "Obstruction of Justice" pursuant to Section 3C1.1. The factual foundation for that upward adjustment is included in paragraph 30 of the report, which details allegations contained in 30 letters the defendant wrote from prison. The letters and their specifics are not attached to the Report and the defendant has not been specifically provided those letters that are alleged to constitute the obstruction for review and response. (Counsel has been provided numerous letters in discovery but the specific letters in question are not identified.)

The defendant pursuant to the authority established in the United States Supreme Court decision of United States vs Booker (United States vs Fanfan) 125 S.Ct.738 is entitled to a trial by jury of "any fact other than a prior conviction, which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. (See Headnote 8) U.S.C.A. Constit. Amend 6. See also Apprendi vs New Jersey 530 U.S. 466 and Blakely v Washington 124 S. Ct. 2431 (2004).

Further the allegations of paragraph 30 do not rise the required level of conduct i.e. "threatening, intimidating, or otherwise unlawfully influencing a co-defendant,

witness, or juror directly or indirectly, or attempting to do so" or "destroying or concealing evidence or directing or procuring another person such as is required under the guidelines. Encouraging another to stand on his Constitutional rights does not constitute Obstruction.

OBJECTION #2

### LEADER ORGANIZER UPWARD DEPARTURE

The pre-sentence investigative report on page 12 adds 4 points for the defendant's role in the offense pursuant to U.S.S.G. Section 3B1.1(a). Relying upon the same authority set forth in Objection #1 above the defendant contends that he is entitled to a jury trial on this issue if it is to be used to elevate his guideline range. The pre-sentence investigative report factually concludes that the defendant was the "organizer and leader of the offense." The report concludes that he directed the activities of others and that he had "primary decision making power" that he "recruited accomplices" and "claimed a larger share of the fruits of the crime." The report does not include the fact that during a large part of the conspiracy time period the defendant was incarcerated on state charges and thus his ability to act during that time as a leader/organizer would have been minimized if not eliminated.

OBJECTION #3

### CRIMINAL HISTORY CALCULATION

The presentence investigative report and its addendum attribute points to the defendant's history as follows:

12-09-91 Theft conviction (5.5 to 11 month sentence) for 3 points;
(Theft of a newspaper machine)

05-05-92 Burglary (original 11.5 to 23 month sentence) for 3 points;

8-31-92 Retail theft (no jail sentence) for 1 point;

7-24-94 for petty theft (15 days time served sentence) for 1 point;

12-18-95 for a Possession charges (4 yrs probation) for 3 points.

In addition 3 points were added due to defendant's parole status and for the offense being committed within 2 years of release for a criminal history point total of 14 points or category 6.

It is apparent that the sentences of imprisonment for the 12-9-91 offense does not exceed one year and one month and is at the present time 13 years old.

The 5-5-92 burglary charge resulted in a maximum 23 month sentence but is 12 years old at present date;

The 8-31-92 retail theft resulted in no incarceration and is 11 years old as of this date; and

The 7-24-94 charge resulted in 15 days jail and is 10 years old as of this date;

The 12-18-95 conviction is 9 years old as of this date.

According to U.S.S.G. Section 4A1.1 points are added for each prior "sentence of imprisonment" defined as a "sentence of incarceration and refers to the maximum sentence imposed and does not refer to portion that was not suspended. One point is added for each prior sentence not counted in (a) or (b) up to a total of 4 points.

The defendant contends that the appropriate point calculation would include 1 point for the 12-91 conviction; 3 points for 5-5-92 burglary; 0 points for retail theft (outside 10 year period); 0 points for 7-24-94 charge if outside 10 year period.

It should be noted that the defendant had 3 additional points added due to his on going parole status from these charges identified above.

OBJECTION #4

## CRIMINAL HISTORY CATEGORY OVERSTATES

The defendant, if the presentence investigative report results in a category 6, has a criminal history category, which substantially over represents the seriousness of the defendant's criminal history or the likelihood that he will commit other crimes. A downward departure is warranted. Under U.S.S.G 4A1.3(b) the defendant's calculated prior convictions include the theft of a newspaper box; Burglary of a Laundromat; a retail

theft; a petty theft and a possession charge. Those charges with the addition of the extra 3 points place this defendant in the highest category of criminal history, which substantially over-represents his status and propensity. This criminal history category effectively adds 125 months to the maximum sentence range that can be imposed, which is clearly not proportionate to the type, number and character of offenses that the defendant committed. None of these offenses were "violent" offenses with any injuries to any person. The length of time between the commission of the instant offense and the prior offenses can also be considered under Section 5K2.0.

Respectfully submitted:

David A Schroeder, Esquire
Attorney for Defendant
915 State Street
Erie, Pennsylvania 16501
(814) 461-7876

## CERTIFICATE OF SERVICE

A True copy of these Objections to Presentence Investigative report was hand delivered this 12th day of July 2005 to the Office of the United States Probation Officer in the Erie Federal Courthouse and to the United States Attorney Christian Trabold at his office address at the United States Courthouse.

David A. Schroeder, Esquire