IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-36 Erie |
| | ) | |
| MAURICE FRANCIS FOLEY | ) | |
| a/k/a Maurice Hoover | ) | |
| a/k/a Clarence Lee Oday II | ) | |
| a/k/a Luke | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR RETURN OF SEIZED PROPERTY**

AND NOW comes the United States of America, by and through its counsel, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold Assistant United States Attorney for said district, and states as follows:

## I. INTRODUCTION

On April 29, 2005, the defendant, Maurice Foley, changed his plea to guilty, in accordance with a plea agreement, to conspiring to distribute marijuana and to possessing a firearm in furtherance of the drug conspiracy. Prior to indictment, law enforcement executed a number of search warrants at properties owned by Mr. Foley and properties owned by his co-conspirators during which evidence was seized. As a part of the prosecution of Mr. Foley, the Government sought and obtained forfeiture of a number of the defendant's assets. Mr. Foley is now seeking the return of property seized during the searches, which was not forfeited by the Government.

**II. ARGUMENT**

    **A. This Court Does Not Have Jurisdiction to Decide the Defendant's Motion**

On August 5, 2005, Mr. Foley filed a Notice of Appeal to the Third Circuit Court of Appeals, which was docketed at 05-3824. Mr. Foley's appeal is still pending, with the last docket entry being an order granting his request for an extension of time to file his brief until January 6, 2006.

It has long been understood that the filing of a notice of appeal divests the district court of jurisdiction and confers jurisdiction upon the court of appeals. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (citations omitted). Therefore, the Government submits that this Court does not have jurisdiction to hear Mr. Foley's motion, since his appeal is still pending in the Third Circuit Court of Appeals.

Furthermore, the Government notes that the property Mr. Foley seeks to have returned is evidence seized during the investigation of Mr. Foley's illegal activities. Although Mr. Foley pled guilty, he has filed an appeal. If Mr. Foley should succeed on appeal necessitating that a trial be held in this matter, then the Government may need to use some or all of the evidence against Mr. Foley at trial. Therefore, the Government submits that it is premature to entertain a motion for return of property at this time.

**B.  Even If this Court Had Jurisdiction, the Defendant Is Still Not Entitled to Return of the Seized Property**

Mr. Foley focuses his argument on the plea agreement, and the specific items of evidence that were agreed to be forfeited as a part of the plea agreement.  In that regard, the plea agreement provides:

> 3.  He will voluntarily forfeit to the United States all property subject to forfeiture under Title 21, United States Code, Sections 853(a)(1), 853(a)(2) and 853(p), and Title 18, United States Code, Sections 982(a)(1) and 982(b)(1) **including but not limited to** the following:
>
>   (a)  United States currency in an amount of at least $215,031.35, cash equivalents, and bank account balances, constituting the gross proceeds of such violations;
>
>   (b)  real property including, without limitation:
>
>     (i) 19845 Hill Road, Hayfield Township, Crawford County, Pennsylvania, SW Intersection of 735 & 606 Assessor's Parcel # 28-05-008-70003;
>
>     (ii) Mule Street, Fairfield Township, Crawford County, Pennsylvania, Assessor's Parcel # 23-06-014-70004;
>
>     (iii) 12572 McChesney Road, Springfield Township, Erie County, Pennsylvania, Assessor's Parcel # 8-27-10.02 39; and
>
>   (c)  vehicles including, without

>   limitation:
>
>   (i)  2003 Chevrolet Silverado VIN 1GCJK331X3F134794
>
>   (ii) Dodge Ram Truck VIN 1B7KF23W91J175474
>
>   (iii) 1991 BMW VIN WBAAA1311MEC69886
>
>   (d) a coin collection.

(Plea Agreement, p. 2) (emphasis added).

The plea agreement also provides:

>   This agreement does not preclude the government from pursuing any civil or administrative remedies against MAURICE FRANCIS FOLEY or his property.

(Plea Agreement, p. 6). These paragraphs demonstrate that, contrary to Mr. Foley's argument, the plea agreement does not preclude the Government from forfeiting any property not listed within the agreement. Furthermore, the Government never informed Mr. Foley or his counsel that property not listed within the plea agreement would not be forfeited. It is the Government's understanding that the Pennsylvania Attorney General's Office is taking steps to forfeit the property listed by Mr. Foley in his motion. If Mr. Foley wishes to challenge that forfeiture procedure, then he should take the proper steps to do so. This motion for return of property, however, should be denied as baseless if this Court determines that it retains jurisdiction in this matter.

**III. <u>CONCLUSION</u>**

      WHEREFORE, the Government respectfully requests this Court to deny the defendant's Motion for Return of Seized Property.

      Respectfully submitted,

      MARY BETH BUCHANAN
      United States Attorney


      <u>/s/ Christian A. Trabold</u>
      CHRISTIAN A. TRABOLD
      Assistant U.S. Attorney
      PA ID No. 75013