IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 04-36 Erie |
| | ) |
| MAURICE FRANCIS FOLEY | ) |

## GOVERNMENT'S MOTION FOR
## DISCOVERY OF ATTORNEY-CLIENT RECORDS

AND NOW comes the United States of America, by and through its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said district, and states as follows.

1. On May 22, 2008, Foley filed a pro se Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255. In his motion Foley raises a variety of ineffective assistance of counsel claims implicating his former counsel, Attorney David Schroeder.

2. This Court has ordered the government to respond to Foley's motion by June 23, 2008.

3. On June 11, 2008, government counsel spoke to Attorney Schroeder briefly about Foley's Motion to Vacate. During this conversation, Attorney Schroeder indicated that he was still in possession of Foley's case file. Government counsel then requested that he be allowed to review the contents of the file for any information pertaining to Foley's pending ineffectiveness

claims.[1]  That request was denied by Attorney Schroeder out of a concern over possible exposure to a lawsuit from Foley.

4. Government counsel seeks to review Foley's case file for the sole purpose of discerning whether there is documentation refuting his allegations of ineffective assistance of counsel. Should the record support this position, the government will offer these materials to the Court in support of its argument that this matter may be disposed of without the necessity for an evidentiary hearing.

5. In the alternative, the government seeks an in camera review by the Court of Foley's case file to determine if it contains any documentation which sheds light on Foley's ineffectiveness claims.

WHEREFORE, the government respectfully requests that the Court grant the government's motion for discovery and allow government counsel to review the case file. In the alternative, the government seeks an in camera review of the case file by the Court.

---

[1] Such assistance from defense counsel is authorized, as a client waives attorney-client privilege with respect to the limited matters raised in a petition for relief under §2255 upon asserting his attorney was ineffective in his handling of those matters. See Anderson v. Calderon, 232 F.3d 1053, 1100 (9th Cir. 2000)("when a petitioner in a habeas corpus action raises a Sixth Amendment claim of ineffective assistance of counsel, he waives the attorney-client privilege as to the matters challenged"); see also Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974); Laughner v. United States, 373 F.2d 326, 327 (5th Cir. 1967). Authorities recognize that the privilege is waived with regard to "all communications relevant" to the issue of counsel's adequacy. 8 J. Wigmore, Evidence § 2327 (McNaughton).

                    Respectfully submitted,

                    MARY BETH BUCHANAN
                    United States Attorney

                    <u>s/Christian A. Trabold</u>
                    CHRISTIAN A. TRABOLD
                    Assistant U.S. Attorney
                    PA ID No. 75013