IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

MAURICE F. FOLEY,
      Petitioner,

v.                                      Civil Action No. _____
                                      [Crim. Case No. 1:04CR36-SJM-01]

UNITED STATES OF AMERICA,
      Respondent.

## PETITIONER'S OPPOSITION TO GOVERNMENT'S MOTION FOR DISCOVERY OF ATTORNEY-CLIENT RECORDS

NOW COMES the petitioner, Maurice F. Foley, pro-se and who respectfully files within this Honorable Court this Petitioner's Opposition To Government's Motion for Discovery of Attorney-Client Records.[1]

1. Pursuant to Rule 6 of the Rules Governing § 2255 Proceedings, "[r]equests for discovery shall be accompanied by a statement of the interrogatories or requests for admissions and a list of the documents, if any, sought to be produced." However, the Government failed to provide this court with any statement of interrogatories or a list of documents necessary for its review. Rather, the Government baldly asserts that it needs access to the entire

---

[1] While the Government filed its motion with the court on June 12, 2008, it did not mail a copy of the motion to petitioner until June 19, 2008. See Exhibit 1, attached hereto.

attorney-client record.

2. Further, the Government has failed to show how a less invasive procedure would not have produced the results sought. For example, as Rule 6 notes, the Government could have sent Attorney Schroeder written interrogatories with regards to the issues raised in Foley's § 2255 motion. Also, the rules governing § 2255 proceedings allows parties to rely on both Federal Rules of Civil Procedure and Federal Rules of Criminal Procedure. Notably, Fed. R. Civ. P. 33(a) holds that "[w]ithout leave of the court or written stipulation, any party may serve upon any other party written interrogatories ... " Thus, the Government would have been well within its authority to seek such interrogatories, and had Attorney Schroeder refused such a request, the Government could have then sought an order to compel such compliance, similar to its instant motion to compel disclosure of the attorney-client records. Or, the Government could have simply asked Attorney Schroeder for a sworn affidavit.

3. In this matter, the Government's request is overbroad in that it seeks the entire attorney-client file even though Foley's § 2255 motion alleged very narrow claims of ineffectiveness. Furthermore, the Government failed to show how such a broad request would not be prejudicial to Foley and not a tactical advantage for the Government. For instance, should this court deem that counsel provided ineffective assistance of counsel and order a new sentencing hearing, the Government would have been privy to information that could be detrimental to Foley's case at the sentencing hearing.

For the reasons stated herein, this court should deny the Government's

2.

Motion for Discovery of Attorney-Client Records.

Respectfully submitted,

Maurice F. Foley

### CERTIFICATE OF SERVICE

I, Maurice F. Foley, hereby certify that a true and accurate copy of the foregoing instrument has been sent on this date, through the U.S. Mail, postage prepaid, to: Christian A. Trabold, Assistant U.S. Attorney, Office of the U.S. Attorney, 17 South Park Row, Erie, PA 16501.

JUNE 25, 2008
DATE

Maurice F. Foley
Reg. No. 20211-068
United States Penitentiary
P.O. Box 305
Jonesville, VA 24263

3.

US POSTAGE
US OFFICIAL MAIL
$300 Penalty
For Private Use
06/19/2008
$0.42¥

Maurice Foley
20211-068
USP Lee
P.O. Box 305
Jonesville, Virginia 24263

24263030305 B003

EXHIBIT 1

Justice
ennsylvania

1158

.00