IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | 1:04cr36 |
| v. | ) | 1:12-cv-116 |
| | ) | **Electronic Filing** |
| MAURICE F. FOLEY | ) | |

## MEMORANDUM ORDER

In April 2005, Defendant Maurice F. Foley pled guilty to charges of conspiracy to traffick in marijuana and using and carrying a firearm during and in relation to a drug trafficking crime. He was sentenced by the Hon. Sean J. McLaughlin to an aggregate term of 330 months' imprisonment. In May 2008, Foley filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255 (ECF No. 244). This motion was denied by Judge McLaughlin, and a certificate of appealability was denied at both the district court and appellate court levels.

On May 9, 2012, Foley filed another motion for relief pursuant to 28 U.S.C. §2255 (ECF No. 288), which is currently pending before this Court.[1] The government filed its response on May 25, 2012 (ECF No. 291). Since that time, Foley has filed a host of motions, responses and other supplemental documents pertaining to the arguments raised in the pending §2255 motion (*see generally* ECF Nos. 287, 293, 295, 300, 302, 308, 309, 314, 316, 321). In the interests of justice, this Court has given Foley considerable latitude in developing the arguments he seeks to pursue in his current §2255 motion.

Despite the plethora of filings that Foley has submitted, his arguments are relatively narrow and straightforward. In essence, he challenges the district court's consideration of two

---

[1] The matter was transferred to the undersigned on August 16, 2013, following Judge McLaughlin's resignation from the federal bench.

1

prior convictions that impacted his criminal history category and the resulting guidelines sentencing range. The first conviction pertains to a retail theft charge to which Foley reportedly pled guilty on October 27, 1992 before Magisterial District Judge Joseph R. Lefaiver in Erie, Pennsylvania. The second pertains to charges of petty larceny and criminal mischief filed in Fredonia, New York. Foley reportedly was convicted of these charges on July 24, 1994 and sentenced to time served. Judge McLaughlin previously observed that:

> [b]ecause of the Probation and Pretrial Services Office's calculation that Foley's record warranted 13 total criminal history points, he was assigned a Criminal History Category of VI. This category VI rating, coupled with the total offense level of 33, produced an advisory guideline range of 235 to 293 months of imprisonment. Discounting either one of the offenses which Foley now challenges would have reduced his total criminal history points and resulted in a lower Criminal History Category rating, thus producing a different guidelines range.

(Mem. Op. dated 9/27/11 at 15 n.5, ECF No. 278.)

Foley argues that the 1992 retail theft conviction and the 1994 petty larceny conviction should have been discounted for federal sentencing purposes because they involved uncounseled proceedings in violation of the Sixth Amendment. In addition, Foley disputes that he was even involved in the 1992 retail theft offense; he denies any recollection of being prosecuted for that offense and questions the authenticity of the sentencing order previously produced by the government (see ECF No. 277). Foley notes that if these two convictions are discounted, his criminal history category is V rather than VI, and this in turn results in a lower guidelines sentencing range of 210 to 262 months.[2]

In its response to the pending §2255 motion (ECF No. 291), the government offered two reasons why Foley's motion to vacate his sentence should be dismissed. First, it points out that this is at least the second §2255 motion filed by Foley and the Third Circuit Court of Appeals has

---

[2] Foley's sentencing guidelines range was calculated under the 2004 version of the United States Sentencing Guidelines.

2

not authorized the filing of a successive §2255 motion in this Court. Second, the government notes that Foley waived his right to collateral review of his conviction and sentence as part of his plea agreement.

Foley filed replies to the government's response on June 25, 2012 (ECF No. 293) and July 11, 2012 (ECF No. 295). Thereafter, he filed various motions to expand the record and amend or supplement his §2255 motion, which were granted by this Court. (*See generally* ECF Nos. 287, 302, 308, 309, 314, 316, 321.) In general, these filings set forth Foley's efforts to expunge the 1992 retail theft and the 1994 petty larceny convictions from his criminal record on the grounds that these were uncounseled proceedings that violated the Sixth Amendment. In addition, Foley contends that there is no documentation whatsoever of the 1992 retail theft prosecution apart from the disputed sentencing order that was previously produced by the government in connection with Foley's original §2255 motion.

As matters presently stand, the 1992 retail theft conviction has been expunged from Foley's record and the 1994 petty larceny conviction has been sealed with a notation that the proceedings were terminated in the defendant's favor. (See ECF No. 302-1 at p.1 and ECF No. 314-1 at p.2.) Based on these developments, Foley argues that his original sentence should be vacated and he should receive a new sentence that is not premised upon the two disputed convictions. In response to the government's arguments, Foley argues that the pending §2255 motion should not be viewed as a second or successive petition, but as a new petition under §2255(f)(4) based on the newly discovered "fact" of these convictions being overturned. As support for this theory, Foley cites *Johnson v. United States,* 544 U.S. 295 (2005) and *United States v. Bass,* 864 F. Supp.2d 353 (E.D. Pa. 2012). He also argues that the waiver clause in his

plea agreement should not be enforced because it will result in a miscarriage of justice. *See United States v. Mabry*, 536 F.3d 231 (3d Cir. 2008).

Given the current state of events as reflected in Foley's more recent filings, the Court concludes that the appointment of counsel is warranted and it would be beneficial to obtain supplemental briefing on a number of issues, including: (a) whether the pending §2255 motion properly can be viewed as a non-successive motion under §2255(f)(4) pursuant to the principles discussed in *Johnson* and *Bass*, *supra*; (b) whether the government disputes Foley's assertion of a Sixth Amendment violation in connection with the two referenced convictions, and if so, the grounds that support its position; and (c) whether enforcement of the waiver clause in Foley's plea agreement is appropriate under the attendant circumstances.[3] In addition, given Foley's concerns about the authenticity of the sentencing order previously filed at ECF No. 277, the government shall address the circumstances under which it came into possession of that document as well as any other information it may possess concerning the 1992 retail theft conviction referenced in Foley's presentence investigative report. Accordingly, the following Order is entered:

## **ORDER OF COURT**

AND NOW, this 9th day of June, 2015, IT IS ORDERED that William C. Kaczynski, Esquire, be appointed to represent petitioner in the pending matters; and

IT FURTHER IS ORDERED that petitioner file a counseled brief in support of the pending motions along with any additional submissions counsel deems appropriate on or before

---

[3] In addition to these highlighted matters, movant has filed a *pro se* motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 324) as well as recent correspondence that he sent to the Federal Public Defenders Office in response to contact from that office regarding representation in conjunction with that pending motion. In light of that correspondence, the court will appoint Attorney Kaczynski to represent movant on the "drugs minus two" motion as well.

July 24, 2015; the government shall file a supplemental response to the pending motions, as amended and augmented, on or before August 24, 2015. The government's supplemental response shall address the issues set forth in this Memorandum Order. Movant may file a reply brief on or before September 14, 2015. The court will not entertain additional *pro se* submissions from Foley during the time he is represented by counsel.

                                       s/David Stewart Cercone
                                       David Stewart Cercone
                                       United States District Judge

cc:     Christian A. Trabold, AUSA
        William C. Kaczynski, Esquire
        *(Via CM/ECF Electronic Mail)*

        Maurice Francis Foley
        ATWATER
        U.S. PENITENTIARY
        Inmate Mail/Parcels
        P.O. BOX 019001
        Atwater, CA 95301
        *(Via First Class Mail)*