IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| | ) | 1:04cr36 |
| v. | ) | 1:12-cv-116 |
| | ) | **Electronic Filing** |
| MAURICE F. FOLEY | ) | |

## OPINION

Pending before the court is a motion filed by Petitioner Maurice F. Foley ("Foley") for relief under 28 U.S.C. §2255 (Doc. No. 288). For the reasons set forth below, the motion will be granted.

### I. INTRODUCTION

This case stems from a criminal prosecution in which Foley was charged with numerous offenses, including conspiracy to traffick in marijuana, possession of methamphetamine with the intent to distribute, use of a firearm during and in relation to a drug trafficking crime, unlawful possession of a firearm by a convicted felon, identity theft, and numerous counts of money laundering. The case was originally assigned to then-United States District Court Judge Sean J. McLaughlin.

In April of 2005, Foley pled guilty to charges of conspiracy to traffick in marijuana (Count I of the Indictment) and use of a firearm during and in relation to a drug trafficking offense (Count III). Pursuant to a written plea agreement, Foley agreed to waive his rights to directly appeal or collaterally attack the judgment, subject to certain limited exceptions that are not presently relevant. (*See* Doc. Nos. 126 and 256-2.) At the time he entered into this agreement and pled guilty, Foley was represented by Attorney David Schroeder.

1

On July 28, 2005, Foley was sentenced in accordance with the 2004 version of the U.S. Sentencing Guidelines. After ruling on Foley's objections to the presentence investigation report ("PSIR"), Judge McLaughlin concluded that Foley's total offense level was 33 and his criminal history category was VI.

This latter calculation was premised, in relevant part, upon two convictions that appeared in the PSIR. The first concerned a retail theft charge to which Foley reportedly had pled guilty on October 27, 1992 before a magisterial district judge in Erie, Pennsylvania. The second concerned charges of petty larceny and criminal mischief to which Foley had reportedly pled guilty on July 24, 1994 in Fredonia, New York. Each of these convictions added one criminal history point toward Foley's total of thirteen points. Discounting either conviction would have reduced Foley's total criminal history points to twelve (12), resulting in a Criminal History Category of V rather than VI, and this, in turn, would have produced a different advisory guideline range.

Based on the court's offense level calculation (*i.e.*, 33) and its criminal history calculation (*i.e.,* Category VI), the 2004 guidelines suggested a period of incarceration ranging from 235 to 293 months relative to the conspiracy charge at Count I. Ultimately, Judge McLaughlin sentenced Foley to a term of 270 months' imprisonment for his conviction at Count I, to be followed by a mandatory, consecutive 60-month term of imprisonment for the conviction at Count III. (Doc. No. 169.) Foley's conviction and sentence were subsequently affirmed on appeal. (*See* Doc. No. 240.) Foley filed a petition for rehearing *en* banc, which was denied in May of 2007. Thereafter, Foley petitioned the United States Supreme Court for a writ of certiorari, but the petition was denied. (*See* Doc. 278 at 3-4.)

In May 2008, Foley filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255 (Doc. No. 244). In his motion, Foley alleged that Attorney Schroeder had been ineffective by, among other things, failing to raise certain challenges to the court's criminal history calculation during the sentencing proceedings. The court subsequently appointed Attorney John J. Meade to represent Foley in connection with his §2255 proceedings.

In a memorandum opinion and order entered on September 27, 2011, Judge McLaughlin denied Foley's §2255 motion and denied a certificate of appealability as well. (Doc. No. 278.) Judge McLaughlin ruled that Foley had waived his right to collaterally challenge his sentence and alternatively ruled that Foley had failed to demonstrate ineffectiveness on the part of Attorney Schroeder. In so ruling, Judge McLaughlin relied, in part, on a supplemental exhibit filed by the Government on September 14, 2011 – namely, an "Order Imposing Sentence" in the 1992 retail theft case (*see* Doc. No. 277).

Foley subsequently filed an application for a certificate of appealability with the United States Court of Appeals for the Third Circuit in Case No. 11-3849, but the application was denied in an order dated December 20, 2011. (*See* Doc. No. 281.) In denying Foley's application, the court of appeals explained that Foley had "knowingly and voluntarily waived his right to collaterally attack his conviction and sentence through a motion pursuant to 28 U.S.C. §2255, and he ha[d] not established through his ineffective assistance of counsel claims that enforcing the waiver would work a miscarriage of justice in this case." (Doc. No. 281 (citing *United States v. Mabry,* 536 F.3d 231, 237 (3d Cir. 2008).) Foley filed a petition for an *en banc* rehearing, arguing that the district court had failed to give him time to respond to Doc. No. 277 -- the "Order Imposing Sentence" in the 1992 retail theft case. Foley maintained that the underlying retail theft conviction had been obtained without the benefit of counsel, making Judge

3

McLaughlin's reliance on that conviction inappropriate. *See United States v. Foley,* Case No. 11-3849 (3d Cir.), Pet. for Reh'g En Banc, (filed Jan. 20, 2012). The petition was summarily denied without an opinion. *See id.,* Order (filed Jan. 30, 2012).

Meanwhile, in January 2012, Foley filed a document in the district court styled "Motion Pursuant to Fed. Civ. Procedure Rule 60(b)(6) For a Reopening of Judgment Due to Extraordinary Circumstances" (Doc. No. 284). In this motion, Foley argued that neither the 1992 retail theft conviction nor the 1994 petty larceny conviction should have been considered by the sentencing court as predicate offenses because the two convictions had been obtained without the benefit of counsel in violation of Foley's Sixth Amendment rights. (*See* Doc. No. 284 at p. 1, citing *Custis v. United States,* 511 U.S. 485 (1994), and *Gideon v. Wainwright,* 372 U.S. 335 (1963)). Foley also challenged the effectiveness of his sentencing counsel based on counsel's failure to object to the court's consideration of these two prior convictions. (*Id.*)

Judge McLaughlin denied Foley's motion in an Order dated January 25, 2012. (*See* Doc. No. 285.) In doing so, Judge McLaughlin reasoned that:

> the Court of Appeals has already issued a Certified Order [281] denying Defendant a certificate of appealability in this case and ruling that Defendant knowingly and voluntarily waived his right to collaterally attack his conviction and sentence through a motion pursuant to 28 U.S.C. § 2255 and [he] ha[s] not establish[ed] that enforcing the waiver would work a miscarriage of justice in his case. To the extent Defendant's motion raises new claims of alleged ineffectiveness of counsel, the Court will construe his motion as a second or successive § 2255 petition over which this Court lacks jurisdiction inasmuch as Defendant has failed to obtain the requisite pre-authorization from the Third Circuit Court of Appeals pursuant to 28 U.S.C. §2244(b)(3)(A).

(*Id.*)

Following this ruling, Foley filed an application with the Third Circuit Court of Appeals for permission to file a second or successive §2255 petition. *See In re Foley,* Case No. 12-1364 (3d Cir.), Application for Leave Under Section 2244(b)(3)(A) to File a Second and Successive

2255 ("application") (filed Feb. 13, 2012). In this application, Foley again sought to vacate his sentence based on: (a) the sentencing court's allegedly improper consideration of the 1992 retail theft and the 1994 petty larceny convictions, which Foley claimed were obtained in violation of his Sixth Amendment right to counsel, and (b) his sentencing counsel's alleged ineffectiveness in failing to challenge the two convictions. (*Id.*) On March 26, 2012, the application was denied on the ground that Foley "ha[d] not satisfied the standards set forth in 28 U.S.C. §2255(h) for filing a second or successive motion." *In re Foley,* Case No. 12-1364 (3d Cir.), Order (dated Mar. 26, 2012).

On May 9, 2012, Foley filed the pending §2255 motion (Doc. No. 288), which was later transferred to the undersigned on August 16, 2013, following Judge McLaughlin's resignation from the bench. The proceedings surrounding this petition have been protracted. They involve, among other things, numerous motions by Foley to expand the record or submit supplemental arguments or points in support of his challenge to the two convictions in question. (*See, e.g.,* Doc. Nos. 287, 291, 293, 295, 300, 302, 308, 309, 314, 316, 321.) In the interests of justice, this Court gave Foley considerable latitude in developing the arguments he seeks to pursue in his current §2255 motion. In large measure, Foley's supplemented filings document his efforts to expunge the 1992 retail theft and the 1994 petting larceny convictions from his criminal record on the grounds that these uncounseled proceedings violated his Sixth Amendment rights. As matters presently stand, the 1992 retail theft conviction has been expunged, and the 1994 petty larceny conviction has been sealed with a notation that the proceedings were terminated in Foley's favor. (*See* ECF No. 302-1 at p. 1 and ECF No. 314-1 at p. 2.)

To further advance the interests of justice, this court appointed Attorney William C. Kaczynski to represent Foley in connection with the pending §2255 motion. (See ECF No. 339.)

In an attempt to posture these proceedings for final resolution, the court directed counsel to file supplemental briefing. Those briefs have been filed (*see* Doc. Nos. 348, 358, and 363), the matter is now ripe for final adjudication.[1] The following constitute this court's findings of fact and conclusions of law concerning Foley's §2255 motion.

## II.  DISCUSSION

Pursuant to 28 U.S.C. §2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." *Id.* §2255(a).  This court previously recognized that, despite the plethora of filings that Foley has submitted in relation to the pending §2255 motion, his argument is relatively narrow and straightforward.

As set forth above, Foley contends that his sentence should be vacated inasmuch as its rests upon the district court's improper consideration of his convictions for the 1992 retail theft charge and the 1994 petty larceny charge, both of which have now essentially been overturned and/or expunged. As noted, Foley contends that these convictions were obtained in violation of

---

[1] Also pending of record are several other uncounseled motions, filed prior to Attorney Kaczynski's appointment, and styled variously as: (i) "Motion for Relief from Judgment" (Doc. No. 301), (ii) "Motion for Relief from Judgment Pursuant to Rule 60(B)(6) or Rule 60(B)(4)" (Doc. No. 312), and (iii) "Petition for Writ of Habeas Corpus Pursuant to §2255(f)(4) or (f)(2)" (Doc. No. 314). To the extent these motions raise arguments or provide information relevant to the issues discussed herein, the court has duly taken them into account. In addition, the Court finds that Foley's more recent requests for §2255 relief relate back to the pending motion, filed at Docket No. 288. *See United States v. Bass,* 864 F. Supp. 2d 353, 356-57 (E.D. Pa. 2012). Insofar as Foley's more recent motions request relief that is duplicative of that being sought in the pending §2255 motion at Docket No. 288, the motions at Docket Nos. 301, 312, and 314 will be denied as moot.

his right to counsel under the Sixth Amendment. Foley further disputes that he was involved in the 1992 retail theft offense; he denies any recollection of being prosecuted for that offense and questions the authenticity of the sentencing order previously produced by the government (*see* ECF No. 277). Foley accurately observes that, if either of these two convictions had been discounted, his criminal history category would have been V rather than VI, and the resulting guideline range would have been 210 to 262 months of imprisonment at Count I, rather than 235 to 293 months.

The government contends that Foley's current motion is a second or successive §2255 motion which this court lacks jurisdiction to entertain. Alternatively, the government contends that Foley's motion is barred by the waiver clause in his plea agreement.

A.

Preliminarily, this court must determine whether it has jurisdiction to consider the instant §2255 motion. There is no dispute that, from a numerical standpoint, this is at least the second §2255 motion that Foley has filed. Pursuant to 28 U.S.C. §2255(h):

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255 (West). The government contends that this court lacks jurisdiction to consider the pending §2255 motion because Foley has not obtained the requisite certification from the court of appeals.

Foley does not attempt to argue that he satisfies the requirements of §2255(h). Instead, he contends that the present §2255 motion is not a "second or successive" motion at all and should be viewed instead as an entirely new motion subject to the statute of limitations set forth in §2255(f). This subsection establishes a 1-year period of limitation for motions to vacate a federal sentence, which period runs from the latest of:

> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255 (West).

In *Johnson v. United States,* 544 U.S. 295 (2005), the Supreme Court held that, when a §2255 petitioner collaterally attacks his federal sentence on the ground that a state conviction used to enhance that sentence has since been vacated, the one-year statute of limitations in §2255(f) begins to run when the petitioner receives notice of the order vacating the prior conviction, provided that the petitioner diligently sought vacatur following entry of judgment based on the enhanced sentence. 544 U.S. at 298. The Court reasoned that an order vacating a prior state court conviction is a "fact[ ] supporting the [petitioner's] claim for relief" within the meaning of §2255(f)(4), provided that the petitioner has shown "due diligence in seeking the order" of vacatur. 544 U.S. at 302. Applying this rule, the *Johnson* Court affirmed the denial of the petitioner's §2255 motion on the ground that the petitioner, by waiting over three years

before filing a state court petition challenging the predicate convictions, had not acted with the requisite degree of diligence. *Id.* at 311.

The United States District Court for the Eastern District of Pennsylvania later applied the rule of *Johnson* in *Bass v. United States,* 864 F. Supp.2d 353 (E.D. Pa. 2012). In that case, the petitioner was a federal prisoner who had pled guilty to a drug trafficking offense and been sentenced in 2001 as a career offender. In 2006, the petitioner prosecuted an unsuccessful §2255 motion in which he alleged that his counsel had been ineffective in failing to challenge his career offender status. Several years later, in 2009, one of the state court convictions that had served as the basis for the petitioner's career offender enhancement was vacated after the New Jersey Superior Court determined that the conviction was procured through racial profiling. Thereafter, the petitioner filed motions with the Court of Appeals for the Third Circuit requesting leave to file a successive §2255 motion so that he could challenge his career offender status. The court of appeals concluded that leave was not required because the petitioner's proposed §2255 motion rested on facts that were not available when he filed his first §2255 in 2006; therefore, the proposed motion was not a "second or successive" one under 28 U.S.C. §2255(h). 864 F. Supp. 2d at 356.

Foley argues that, under the rule established in *Johnson* and applied in *Bass,* his pending motion should be viewed as a non-successive §2255 motion subject to a new limitations period, as set forth in §2255(f)(4). Having carefully reviewed and considered the extensive §2255 record in this case, this court agrees that Foley's motion constitutes a non-successive §2255 motion, making the provisions of §2255(h) inapplicable.

It is undisputed in this case that Foley's original sentence at Count I was predicated on a criminal history category of VI, and this would have been reduced to V – resulting in a lower

9

guidelines range, if either the 1992 retail theft conviction or the 1994 petty larceny conviction had not been counted. On November 14, 2012, the Pomfret Justice Court in Fredonia, New York issued an order indicating that the petty larceny case had been "terminated in favor of the defendant." (*See* Doc. No. 302-1 at p.1.) The order sealed the case, functionally expunging the conviction from Foley's criminal record. (*Id.*) One year later, on November 19, 2013, the Erie County Court of Common Pleas issued an order expunging the 1992 retail theft conviction from Foley's record. (*See* Doc. No. 314-1 at pp. 1-2.) Foley's pending motion was filed prior to both of these occurrences, in May 2012 (Doc. No. 288),[2] and therefore falls within the one-year limitations period allowed by §2255(f)(4). Although Foley previously challenged the validity of his federal sentence in his first §2255 motion (filed in May 2008) and again in his Rule 60 motion (filed January 2012), those requests for relief were not premised upon the vacatur of Foley's two state court convictions, since the vacatur had not yet occurred at that point. Having thoroughly reviewed the record in this case, the court is satisfied that Foley has been diligent in pursuing the vacatur of his state court convictions (*see generally* Doc. Nos. 287, 293, 295, 300, 302, 308, 309, 314, 316, and 321), and the government has not cited any persuasive grounds for concluding otherwise.

In arguing that Foley's case should be viewed as an impermissible "second or successive" §2255 motion, the government urges this court to follow the rule applied in *In re Dean,* 341 F.3d 1247 (11th Cir. 2003). That case, like the instant case, involved a federal prisoner whose enhanced federal sentence had been predicated on two uncounseled state court

---

[2] Since that date, Foley has filed various additional or supplemental motions for relief under §2255 or Fed. R. Civ. P. 60(b), thereby muddling the record and greatly complicating these proceedings. Nevertheless, Foley's various filings are generally interrelated and pertain to his original quest to obtain a new federal sentence that is untainted by the two challenged state court convictions. Consequently, this court has construed the additional "motions" as supplemental filings relating back to Foley's May 2012 §2255 motion, filed at Document No. 288.

convictions that were subsequently reversed. Because he was a past §2255 litigator, the prisoner in *Dean* filed an application with the United States Court of Appeals for the Eleventh Circuit seeking permission to file a successive §2255 motion challenging his federal sentence on the ground that he had "newly discovered evidence" in the form of a court order reversing both state court convictions. The court ruled that the "newly discovered evidence" exception in §2255(h)(1) did not apply to claims asserting a sentencing error and applied instead only to "newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant *guilty of the offense.*" 341 F.3d at 1248 (emphasis added) (citing cases). Accordingly, the court denied the application because it challenged the prisoner's sentence, rather than the underlying finding of guilt. *Id.* at 1249.

Relying on *Dean,* the government argues that Foley's motion similarly fails to satisfy the requirements of §2255(h) because it challenges only the legality of his sentence rather than the fact of his guilt on the federal conspiracy charge at Count I. According to the government, Foley's §2255 motion should be rejected out of hand because it does not present "newly discovered evidence" that could meet the requirements for filing a second or successive motion to vacate his sentence.

This court is not persuaded that the ruling of *Dean* has application here. First, the case is obviously non-binding since it is an out-of-circuit decision. Second, the decision predates the rulings in *Johnson* and *Bass,* and therefore has questionable vitality. In fact, the Eleventh Circuit Court of Appeals declined to abide by the rule of *In re Dean* in the more recent case of *Stewart v. United States,* 646 F.3d 856, 863 n.13 (11th Cir. 2011) (noting that *Dean* would not control the court's analysis in determining whether a prisoner's numerically second §2255 motion is a

11

"second or successive" motion, since the panel in *Dean* did not have the benefit of *Johnson* or *Panetti v.Quarterman,* 551 U.S. 930, 943-44 (2007) (involving a petition for habeas relief under 28 U.S.C. §2254)).

Third, to the extent the holding in *Dean* remains good law, it merely begs the question of whether Foley's motion—though failing to establish grounds for consideration as a "second or successive" motion under §2255(h)—should nevertheless be viewed as *non-successive* under the provisions of §2255(f)(4). Notably, the court in *Dean* did not speak to the relevance of §2255(f)(4) in the case it considered. Based on the current state of the law and the evidence before this court, it seems clear that Foley's motion is properly viewed as non-successive. As the *Dean* court observed, a "successive" petition is one that "raises grounds identical to those 'heard and denied on a prior application.'" 341 F.3d at 1248 n.1. Foley's pending §2255 motion, as amended, is premised on the actual vacatur and/or reversal of his state court convictions, whereas his prior §2255 motion(s) were not. Accordingly, it cannot be said that the instant motion is based on grounds identical to those previously presented.

In sum, the court concludes that Foley's §2255 motion is a non-successive motion that was timely filed within the boundaries established by §2255(f)(4) and *Johnson, supra.* As such, the court has subject matter jurisdiction to entertain Foley's motion without the need for pre-authorization from the Third Circuit Court of Appeals.

B.

The court must next consider whether Foley's §2255 motion is barred by the terms of his plea agreement, pursuant to which Foley expressly "waive[d] the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence." (See Ex. A to Govt's Resp. to

12

Def.'s §2255 Mot., Doc. No. 256-2 at 3-4.) The Third Circuit Court of Appeals has held that collateral review waiver provisions in a plea agreement, if knowingly and voluntarily entered, are valid and enforceable, unless enforcement would result in a miscarriage of justice. *United States v. Mabry,* 536 F.3d 231 (3d Cir. 2008); *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001).

The government contends that the knowing and voluntary nature of Foley's collateral review waiver has already been decided by virtue of the Third Circuit's December 20, 2011 order denying a certificate of appealability in Case No. 11-3849 (*see* Doc. No. 281). Assuming, *arguendo,* that the government is correct,[3] the question becomes whether enforcement of the waiver would result in a miscarriage of justice. In light of the unusual facts of this case, the Court concludes that it would.

While the Third Circuit Could of Appeals has not provided a definitive list of situations that would amount to a miscarriage of justice, it has endorsed the view that only extraordinary situations suffice. *See United States v. Phi Xin,* 451 F. App'x 115, 118 (3d Cir. 2011) (citing cases); *see also United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005) (stating that the "miscarriage of justice" concept is to be applied "'sparingly and without undue generosity'") (quoting *United States v. Teeter*, 257 F.3d 14 (1st Cir.2001)). The Third Circuit has stated that

---

[3] The court notes that, under *United States v. Mabry,* 536 F.3d 231 (3d Cir. 2008), a district court adjudicating a §2255 motion and faced with a collateral challenge waiver provision has "an affirmative duty both to examine the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice, based on the record evidence before it." 536 F.3d at 237-38. In this case, Judge McLaughlin previously determined, in his September 27, 2011 ruling, that Foley had knowingly and voluntarily entered into the plea agreement that included the waiver of his §2255 rights. In denying Foley's request for a certificate of appealability, the Third Circuit Court of Appeals similarly found that Foley had knowingly and voluntarily waived his right to collaterally attack his conviction and sentence.

13

the reviewing court should evaluate waivers on a case-by-case basis, considering the error claimed by the defendant and such factors as:

> [T]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.

*Phi Xin*, 451 F. App'x at 118, *as amended* (Nov. 2, 2011) (quoting *Khattak*, 273 F.3d at 563). These factors are non-exclusive, and the court is required to take "a common sense approach in determining whether a miscarriage of justice would occur if the waiver were enforced." *Mabry*, 536 F.3d at 242.

Here, our consideration of the relevant factors compels the conclusion that enforcement of Foley's §2255 waiver would result in a miscarriage of justice. The "error" in this case involves more than simply a "run of the mill" misapplication of a sentencing guideline or "garden variety" sentencing error. To the contrary, it concerns the inclusion in Foley's criminal history calculation of two relatively minor offenses that apparently were obtained in derogation of Foley's Sixth Amendment rights to counsel,[4] and which have since been vacated or resolved in his favor. As Judge McLaughlin previously observed, "[d]iscounting either one of the offenses . . . would have reduced his total criminal history points and resulted in a lower Criminal History Category rating, thus producing a different guidelines range." (Doc. No. 278 at 15 n.5.) Under these circumstances, the error is significant and the injustice clear. As matters presently stand, the effect of this error on Foley is that he has been sentenced in accordance with

---

[4] The government acknowledges that it is not in a position to dispute that Foley was unrepresented in these two proceedings, because the 1994 petty larceny record has been sealed, and the paper records pertaining to the 1992 retail theft offense have since been destroyed. The government posits instead that the issue is now moot in light of the fact that the 1992 retail theft conviction was vacated and his present sentence would still fall within the applicable guidelines range, even if the two challenged convictions were discounted.

a guidelines range that was 25 months greater than it should have been at the low end of the range and 31 months greater than it should have been at the high end. As Foley points out, the government can have no legitimate interest in preserving a sentence that is now clearly erroneous and not in keeping with the terms of the bargain that the parties contemplated at the time Foley originally pled guilty. To the extent Foley acquiesced to acceptance of the waiver provision, he did so only in the most general terms[5] and upon the advice of Attorney Schroeder, whose effectiveness he has since challenged.[6] Accordingly, this Court concludes that under the unique circumstances of this case enforcement of the collateral waiver provision would result in a miscarriage of justice.

In advocating for enforcement of the waiver clause, the government analogizes this case to *United States v. Jackson,* 523 F.3d 234, 242-43 (3d Cir. 2008). In *Jackson,* the defendant attempted to appeal her sentence, in direct contravention of an appellate waiver provision, and argued that her sentence in the upper end of the guidelines range was unreasonable. The court of

---

[5] As Foley observes, Judge McLaughlin's colloquy at time of sentencing did not include a discussion of Foley's waiver of collateral rights, even though such a waiver was incorporated into his plea agreement.

[6] The court notes that Foley's waiver clause ostensibly prevents him from challenging the effectiveness of Attorney Schroeder, even though Attorney Schroeder was the same attorney who helped negotiate Foley's plea agreement incorporating the waiver provision. In *United States v. Grimes,* 739 F.3d 125 (3d Cir. 2014), the Court of Appeals for the Third Circuit declined to hold that such waiver clauses are *per se* invalid. Notably, however, at least one court within this judicial district has declined to enforce a collateral challenge waiver where the defendant has asserted ineffectiveness on the part of the attorney who negotiated the waiver provision. *See United States v. Williams,* Crim. No. 08-377, 2014 WL 4060263 (W.D. Pa. Aug. 14, 2014). In that case, the court concluded that enforcement of the waiver clause would result in a miscarriage of justice, and it noted a growing trend of state bar ethics opinions condemning the use of waiver clauses that preclude litigation of collateral challenges and ineffectiveness-of-counsel claims. 2014 WL 4060263, at *13-16; *see also United States v. Deluca,* No. 08–108, 2012 WL 5902555, at *10 (E.D. Pa. Nov. 26, 2012) (acknowledging "an emerging trend among state bar ethics committees to recognize [that] a criminal defense lawyer's personal interest in avoiding ineffective assistance of counsel claims may create a conflict of interest for the lawyer in advising his client regarding a plea agreement that would waive such claims.").

appeals determined, in relevant part, that enforcement of the waiver clause would not result in a miscarriage of justice. The court acknowledged that "there may well be unusual situations in which an unreasonable sentence, standing alone, could require invalidating the waiver to avoid a miscarriage of justice," 523 F.3d at 244, but it predicted this would be a "rare and unusual" occurrence in light of the deferential abuse-of-discretion standard that appellate courts typically apply in reviewing the sentencing decisions. *Id.* Given the lack of any "unusual circumstances" in Jackson's case, the court of appeals declined to exercise jurisdiction over her appeal. *Id.*

We find *Jackson's* holding to be inapposite here. This is not a situation where the petitioner is arguing merely that his sentence is unreasonable by virtue of being in the upper end of the guidelines range. Nor is this case analogous to *United States v. Corso*, 549 F.3d 921 (3d Cir. 2008) – another decision relied on by the government, wherein the court of appeals rejected a challenge to an appellate waiver provision that was based on the sentencing court's misapplication of the number-of-victims and abuse-of-trust enhancements. Fundamentally, Foley's sentence was based upon a criminal history calculation that included convictions which have since been vacated or functionally expunged. There are constitutional implications to Foley's challenge, inasmuch as Foley has presented unrebutted evidence that the convictions were uncounseled and he has argued that his sentencing counsel was ineffective in failing to properly challenge the court's criminal history calculation. The Supreme Court has held that, if a defendant "is successful in attacking [his] state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences." *Custis v. United States,* 511 U.S. 485, 497 (1994). *See also Daniels v. United States,* 532 U.S. 374, 382 (2001). Because similar circumstances were not present in *Jackson,* this court is not limited by its holding.

The government nevertheless insists that no manifest injustice is present because of circumstances concerning Foley's prior motions for sentencing relief. As the government accurately recounts, during the pendency of his current §2255 motion, Foley filed counseled and uncounseled motions for relief under 18 U.S.C. §3582(c)(2).[7] These motions sought to reduce Foley's sentence at Count I based on the fact that the applicable guidelines sentencing range had been lowered and made retroactively applicable by the United States Sentencing Commission.[8] On November 3, 2015, this Court granted Foley's §3582(c)(2) motion and reduced his sentence at Count I from 270 months of incarceration to 192 months. (*See* Doc. No. 355).

The government notes that Foley's current sentence of 192 months is within the relevant advisory guidelines range, regardless whether he is scored as a criminal history category V or criminal history category VI.[9] The government therefore posits that no miscarriage of justice can

---

[7] That provision allows the sentencing court to modify a term of imprisonment

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.A. § 3582(c)(2) (West).

[8] Specifically, the United States Sentencing Commission amended U.S.S.G. §2D1.1 to decrease the base offense levels in drug cases by two levels, effective November 1, 2014 ("Amendment 782"). Then, on July 18, 2014, the Sentencing Commission determined that Amendment 782 would apply retroactively to offenders who were serving terms of imprisonment. Based on this amendment, Foley's base offense level was reduced from 30 to 28, which resulted in his total offense level being reduced from 33 to 31. Under the 2004 sentencing guidelines, an offense level of 31 and criminal history category of VI correspond to a guideline imprisonment range of 188 to 235 months.

[9] That is because, under the 2004 sentencing guidelines, an offense level of 31 and criminal history category of V results in a suggested range of 168 to 210 months of imprisonment, whereas an offense level of 31 and criminal history category of VI produces a suggested range of 188 to 235 months.

17

possibly result from this Court declining to consider Foley's §2255 motion. The government notes that, pursuant to *Rita v. United States,* 551 U.S. 338, 347 (2007), a within-guidelines-range sentence may be presumed to be reasonable. It suggests that, in light of the generally deferential abuse-of-discretion standard that is utilized to review sentencing decisions, *Gall v. United States,* 552 U.S. 38, 51 (2007), this Court should defer to Judge McLaughlin's original intent to impose a sentence in the upper end of the guidelines range.

This court declines to do so. As Foley correctly observes, his entitlement to relief under Amendment 782 is completely independent of his entitlement to habeas relief from a guidelines-range sentence that was improperly enhanced based on the now-vacated state court convictions, and the government's approach inappropriately conflates the two. The more logical and just approach is for the court to provide a new sentencing hearing based upon the corrected and lowered guideline range and then reapply Amendment 782 to determine an appropriate sentence. To do otherwise potentially deprives Foley of the full benefit of his uncontested eligibility for relief under Amendment 782.[10]

Moreover, the government's suggested approach seemingly runs counter to the principles recently discussed in *Molina-Martinez v. United States,* --- U.S. ---, 136 S. Ct. 1338 (2016). There, the Supreme Court considered the appropriate standard to be applied when assessing a defendant's challenge to a sentence that is within the correct guidelines range but was arrived at on the basis of an unpreserved guidelines calculation error. The Court concluded that, for purposes of assessing whether harmless or plain error has been shown, the defendant need not provide additional evidence in order to show that the error affected his substantial rights. The Court observed that, "[w]hen a defendant is sentenced under an incorrect Guidelines range –

---

[10] Of course, the government will have an opportunity to convince the court at the forthcoming resentencing hearing that the same or a substantially similar sentence should be imposed.

whether or not the defendant's ultimate sentence falls within the correct range – the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." 136 S. Ct. at 1345. *Molina-Martinez* counsels in favor of affording Foley the process which is now due before arriving at a new sentence.

### III. CONCLUSION

Based upon the foregoing, the Court concludes that Foley's §2255 motion is a non-successive motion, is timely, and is not barred by virtue of the waiver provision in his plea agreement. The court further concludes that Foley has demonstrated grounds for relief from his current sentence. Accordingly, his motion to vacate sentence will be granted.

An appropriate order follows.

Date: March 31, 2017

s/David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Christian A. Trabold, AUSA
William C. Kaczynski, Esq.

*(Via CM/ECF Electronic Mail)*